**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAVORA MCCLENDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 22 CV 6144** |
| | ) | |
| **BHC STREAMWOOD HOSPITAL, INC., d/b/a** | ) | |
| **STREAMWOOD BEHAVIORAL HEALTH** | ) | |
| **HOSPITAL,** | ) | |
| | ) | |
| | ) | **Jury Demand** |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1.      This is an action under Title I of the Americans with Disabilities Act of 1991 (ADA), to correct unlawful employment practices on the basis of a disability (handicap) and to make whole Plaintiff. **LAVORA MCCLENDON,** ("**MCCLENDON**"). Defendant, BHC **STREAMWOOOD HOSPITAL, INC., d/b/a STREAMWOOD BEHAVIORAL HEALTH HOSPITAL,** ("**SBHH**") discriminated against MCCLENDON, a qualified individual with a disability, because of her disability.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this action is invoked pursuant to 28 U.S.C.A. & 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to American with Disabilities Act of 1990. Venue is proper in this District under 28 U.S.C. Section 1391 (b). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern

District of Illinois, Eastern Division.

## PARTIES

3.      MCCLENDON is an adult person and a resident of DuPage County, and the State of Illinois.

4.      MCCLENDON is an employee of SBHH since 2007 and her most recent position was Medical Office Coordinator.

5.      At all times relevant, SBHH, has been a University formed under the laws of Illinois.

6.      SBHH is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

7.      MCCLENDON has a permanent disability diagnosis, in that, she has a record of, or is regarded as having been diagnosed with Depression that substantially limits one or more of her major life activities.

## STATEMENT OF CLAIMS

8.      Despite SBHH listing itself as an equal employment company and having a policy against Discrimination to the disabled, SBHH intentionally discriminated against MCCLENDON because of her disability and physical needs and allowing her to be subjected to a hostile environment which intensified her condition.

9.      MCCLENDON is and was, disabled due to a physical impairment, to the degree that substantially limited her ability to enjoy life. MCCLENDON has requested SBHH to provide her with reasonable accommodations as stated above however, said requests went unfulfilled. SBHH's stated reasons for not accommodating MCCLENDON were pretext.

10.     SBHH's act and omissions to act violate applicable provisions of the American with Disabilities Act.

11.     The discriminatory action of SBHH as set forth above has caused MCCLENDON to suffer losses of earnings, and as a further proximate result of SBHH's unlawful and intentional discriminatory actions against SBHH, as alleged above, MCCLENDON has been harmed in that MCCLENDON had suffered in her position and her work environment has become impaired.

12.     As a further proximate result of SBHH's unlawful and intentional discriminatory actions against SBHH, as alleged above, MCCLENDON has been harmed in that MCCLENDON has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, MCCLENDON has suffered such damages in an amount according to proof.

13.     MCCLENDON has no adequate remedy at law to secure relief. If this court does not enter an order for SBHH to accommodate MCCLENDON, MCCLENDON will be irreparably injured.

14.     MCCLENDON filed a discrimination charge against SBHH with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed (see Exhibit "A").

15.     On 08/09/ 2022, MCCLENDON was sent a notice from the EEOC of her right to bring this action (see Exhibit "B"), and MCCLENDON timely filed this action.

## FACTUAL ALLEGATIONS

16.     On or about the months of July of 2020 through May of 2021, MCCLENDON being subjected to retaliation and a hostile work environment due to her disability and denied a request for accommodations.

3

## PRAYER FOR RELIEF

WHEREFORE, MCCLENDON prays for judgment as follows:

1.    Declare the conduct engaged in by SBHH to be in violation of MCCLENDON's

rights;

2.    For injunctive relief, including but not limited to relief required to make

MCCLENDON whole for the losses caused by the violations of SBHH.

3.    For compensatory damages in an amount according to proof;

4.    For costs of suit, including reasonable attorney's fees and expert fees; and

5.    For such other and further relief as the COURT deems proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (TITLE VII RACE DISCRIMINATION)

NOW COMES the Plaintiff, MCCLENDON, ("Plaintiff"), by and through his attorney, Michael

T. Smith, and in complaining of SBHH, and states as follows:

## NATURE OF ACTION

17.  Plaintiff seeks redress and relief under Title VII of the Civil Right Act of 1964, 42

U.S.C. § 2000e *et seq.*, as amended, for Defendant having subjected Plaintiff to

discrimination on the basis of her race.

## STATEMENT OF FACTS

18.    This action is brought against SBHH having subjected Plaintiff to race

discrimination by failure to treat her the same as non-Black employees despite Plaintiff's

complaints about same. Notwithstanding the foregoing, defendant discriminated against

plaintiff in the terms and conditions of her employment and denied accommodations based

on her race as further alleged herein.

19. Defendant by its action or actions of its agents set forth above, caused and created

4

a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's' employment and his performance in his occupation, by failing to treat him the same as non-Black employees and failure to promote. Further, by said acts, Defendant's agents created a discriminatory and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

20.  As a direct result of SBHH's actions, plaintiff has suffered damages in excess of $100,000 of race discrimination and disparate treatment by Defendant, Plaintiff has also suffered great pain, humiliation, and mental anguish, all to his damage.

21. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

22. Plaintiff exhausted all administrative and other remedies available to his before filing this complaint.

23. Thus, while meeting the minimum standards of his employer, Defendant willfully discriminated against Plaintiff based upon her race in violation of Title VII.

24. Plaintiff has suffered humiliation and mental anguish.

25. Defendant's conduct was at all times intentional, willful, and wanton.

WHEREFORE, Plaintiff prays for judgment as follows:

     A.     For monetary damages;

     B.     For injunctive relief in the form of an order enjoining Defendant from continuing to engage in discriminatory conduct;

     C.     For statutory damages due to the Defendant's willful conduct;

     D.     For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k);

      E.      Such other relief as is just and equitable; and

      F.      The plaintiff requests a jury trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### (42 .S.C. § 1981 RACE DISCRIMINATION)

**26.** Plaintiff realleges each and every allegation set forth above with the same force and effect as if set forth herein for the first time.

**27.** Due to Defendant's conduct, Plaintiff's civil rights under 42 U.S.C. § 1981 *et seq.* to perform, modify, and his employment contract with Defendant and enjoy all the benefits, privileges, terms, and conditions of that contractual relationship free of racial discrimination have been violated by Defendant.

**28.** Under 42 USC §1981 *et seq.*, Defendant is responsible for the acts of its supervisors.

**29.** The meaning of "race" under 42 USC §1981 is broad and is interpreted to include classes of persons based on their ancestry or ethnic characteristics. *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987).

**30.** Defendants' violations of 42 USC §1981 *et seq.* proximately caused Plaintiff to suffer mental stress and emotional pain and suffering.

**31.** Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

32. Defendant's conduct was at all times intentional, willful, and wanton.

      WHEREFORE, Plaintiff prays for judgment as follows:

      A.      For monetary damages;

      B.      For injunctive relief in the form of an order enjoining Defendant from continuing to engage in discriminatory conduct;

      C.      For compensatory damages in an amount to be determined at trial;

      D.      For costs of suit, including reasonable attorney's fees and expert fees,

pursuant to 42 USC §1988;

E.    Such other relief as is just and equitable; and

F.    The plaintiff requests a jury trial of this action.

LAVORA MCCLENDON

BY:/s/ **Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
Attorney for the Plaintiff
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com